UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BRETT ADLER,

                        Plaintiff,

      -against-

THE CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF CORRECTION, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, NEW YORK CITY CORRECTIONAL
HEALTH SERVICES, PRISON HEALTH SERVICES,
INC., PHS MEDICAL SERVICES, P.C., CORRECTION
OFFICER "JOHN" HAHL, Individually and in his Official
Capacity, CORRECTION OFFICER "JOHN" WEST,
Individually and in his Official Capacity, CORRECTION
OFFICERS JOHN DOE 1-5, Individually and in their
Official Capacities, fictitious name used to designate
unknown individuals herein, CAPTAINS JOHN DOE 6-10,
Individually and in their Official Capacities, fictitious name
used to designate unknown individual herein, and JOHN
DOE 11-15, Individually and in their Official Capacities,
fictitious name used to designate unknown medical
personnel and staff herein,

                        Defendants.

-------------------------------------------------------------X

Docket No.

**VERIFIED COMPLAINT**

      Plaintiff, **BRETT ADLER**, by his attorneys, LAZAROWITZ & MANGANILLO, LLP,

complaining of the defendants, hereinafter states and alleges as follows upon information and

belief:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action seeking compensatory damages, punitive damages and

attorney's fees for violations of his civil rights by the defendants, their agents, servants and/or

employees, while acting under color of law, as said rights are secured by the statutes and

Constitutions of the United States of America and the State of New York, and the Charter, rules,

regulations and ordinances of the City of New York. Plaintiff also asserts supplemental state law

tort claims.

2.      This case arises from an assault and battery committed against the plaintiff, a prisoner in the exclusive custody and control of the City of New York ("City") and City of New York Department of Correction ("DOC"), by the defendant correction officers[1], acting under the color of law, on or about October 14, 2010.  During the course of said assault and battery, the plaintiff was stalked, harassed, threatened, thrown to the ground, attacked, punched, kicked, and subjected to anti-Semitic insults, causing the plaintiff to suffer physical, psychological and emotional injuries.

3.      The defendants include officers and captains assigned to the Eric M. Taylor Center, a jail owned and/or operated by the City and DOC, who inflicted a brutal beating on the plaintiff, and who have lied and coerced false statements to prevent the beating from coming to light.  Defendants also include supervisors in said jail and at the highest levels of the DOC who have implicitly authorized officer-on-prisoner beatings, have failed to supervise uniformed staff in the face of historical and continued evidence of prisoner abuse in DOC jails, and have failed to adequately investigate reports of excessive force by uniform staff and evidence that incidents of excessive force have been and continue to be covered up.

4.      Following the subject beating, Plaintiff frequently sought but was repeatedly and unlawfully denied and/or delayed reasonable, due and necessary medical care and treatment for the aforesaid injuries by the defendants, their agents, servants and/or employees, acting under the color of law and in violation of Plaintiff's constitutional and statutory rights, causing the plaintiff to suffer further physical, psychological and emotional injuries.

---

[1] As used herein, the term "correction officer" is intended to refer to New York City Department of Correction officers in the general and not to a particular rank, title, position, department or class of correction officer.

## JURISDICTION AND VENUE

5.     This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, the statutes and Constitution of the State of New York, and the Charter, statutes, rules, and regulations of the City of New York.

6.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (4) and the aforesaid statutory and constitutional provisions.

7.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims which arise under the relevant provisions of New York state law.

8.     This action is brought in accord with 42 U.S.C. §1997.

9.     Plaintiff's claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983, and New York CPLR. Art. 86 for pendent claims arising under state law.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

11.     At all times mentioned herein, Plaintiff was a prisoner confined to the custody and care of Defendants, CITY OF NEW YORK ("City") and CITY OF NEW YORK DEPARTMENT OF CORRECTION ("DOC"), at their various jail facilities located on Rikers Island, including but not limited to the Eric M. Taylor Center.

12.     The City is a municipal corporation which maintains the DOC and Department of

Health and Mental Hygiene ("DOHMH") pursuant to law. Through the DOC, the City operates a number of detention jails and medical facilities, including but not limited to the Eric M. Taylor Center. Through the DOHMH, the City provides medical and mental health care and treatment to individuals confined to its detention jails.

13.     The DOC, through its senior officials at the central office and in each of its jails and/or medical facilities, promulgates and implements policies, including those with respect to the use, reporting, and investigation of force by uniformed staff, and access to medical and other program services mandated by local law and court orders. In addition, senior officials in the DOC are aware of and tolerate certain practices by subordinate employees in the jails, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten DOC policies or customs.

14.     The DOHMH, through its senior officials at the central office and in each jail and/or medical facility, promulgates and implements policies, including those with respect to the use, reporting, and investigation of force by correction officers, and access to medical and other program services mandated by local law and court orders. In addition, senior officials in the DOHMH are aware of and tolerate certain practices by subordinate employees in the jails, including those that are inconsistent with formal policy. These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten DOHMH policies or customs.

15.     Defendant, NEW YORK CITY CORRECTIONAL HEALTH SERVICES ("CHS"), is an agency, division, subdivision or department of the City, DOC and/or DOHMH. CHS provides medical and mental health care and treatment to individuals confined to the DOC

custody.

16.     Defendant, PRISON HEALTH SERVICES, INC. (hereinafter referred to as "PHS"), is a foreign corporation, organized and existing by virtue of the laws of the State of Delaware, with its principal executive office located at 105 Westpark Drive, Suite 200, Brentwood, Tennessee 37027.

17.     At all times mentioned herein, PHS, pursuant to contract with the City and/or DOC, provided medical, mental health, dental and ancillary services to individuals confined to DOC's jail facilities located on Rikers Island.

18.     Defendant, PHS MEDICAL SERVICES, P.C. (hereinafter referred to as "PHSMS"), is a domestic professional corporation, organized and existing by virtue of the laws of the State of New York.

19.     At all times mentioned herein, PHSMS, pursuant to contract with the City and/or DOC, provided medical, mental health, dental and ancillary services to individuals confined to DOC's jail facilities located on Rikers Island.

20.     At all times mentioned herein, Defendants, CORRECTION OFFICER "JOHN" HAHL ("CO Hahl"), CORRECTION OFFICER "JOHN" WEST ("CO West"), and CORRECTION OFFICERS JOHN DOE 1-5 ("COs Doe"), were correction officers employed by the City and DOC and assigned to the Eric M. Taylor Center. These defendants are sued in their individual and official capacities.  At all times mentioned herein, said individuals were acting within the scope of their employment as employees of the City and DOC, and acting under color of state law.  Plaintiff does not know the names of COs Doe and will amend this Complaint to state the true names of said individuals when they become known.

21.     At all times mentioned herein, Defendants, CAPTAINS JOHN DOE 6-10

("Captains Doe"), were captains employed by the City and DOC and assigned to the Eric M. Taylor Center.   These captains had direct, first-line supervisory responsibilities over the correction officers assigned to the Eric M. Taylor Center, including responsibility for taking appropriate measures to ensure and protect the personal safety of prisoners assigned to their housing or program areas. These responsibilities were required to be carried out in a manner consistent with the legal mandates that govern the operation of the DOC and its jails, including City and DOC directives and orders governing: the use of force, the reporting of use of force, the provision of and access to medical care, treatment and services, and the Board of Correction Minimum Standards. Each of these captains is sued in his/her individual and official capacities. Plaintiff does not know the names of Captains Doe and will amend this Complaint to state the true names of said individuals when they become known

22.     At all times mentioned herein, Defendants, JOHN DOE 11-15 ("Drs. Doe"), were physicians, therapists, nurses, and medical staff employed by and/or performing duties at the behest of the City, DOC, DOHMH, CHS, PHS, and/or PHSMS. These defendants are sued in their individual and official capacities.   At all times mentioned herein, said individual were acting under color of state law. Plaintiff does not know the names of Drs. Doe and will amend this Complaint to state the true names when they become known.

23.     Defendants CO Hahl, CO West, COs Doe, Captains Doe, and Drs. Doe were those correction officers, supervisors, captains, physicians, and medical personnel and staff employed by the City, DOC, DOHMH, CHS, PHS, and/or PHSMS who assaulted, battered and/or beat Plaintiff as alleged herein; or who ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention and "sick call" visits for the injuries alleged herein; or who knowingly drafted and/or filed, or conspired to file, false infraction reports, incident reports

and/or disciplinary charges against Plaintiff; or who gave knowingly false statements or testimony to a disciplinary and/or criminal proceeding regarding said assault and battery and/or Plaintiff's role in same.

24.     At all times mentioned herein, the City, DOC, DOHMH, CHS, PHS, and PHSMS were charged with hiring, training, retaining, directing, supervising, disciplining, overseeing, appointing and promoting correction officers, supervisors, captains, physicians, and medical personnel and staff in their employ.

25.     At all times mentioned herein, Defendant(s) managed, supervised, directed and/or controlled the custody, confinement, and medical care and treatment of those persons confined and/or otherwise detained in its various jails, including but not limited to the Eric M. Taylor Center.

### STATEMENT OF FACTS

26.     At approximately 2:00 a.m., on or about October 14, 2010, in the vicinity of and within the Intake area of the Eric M. Taylor Center, the plaintiff, an individual then and there confined to the exclusive custody, care and control of the City and DOC, their agents, servants and/or employees, was targeted, taunted, harassed, assaulted, battered, beaten, punched, kicked and threatened by CO Hahl, CO West, and COs Doe, all acting under the color of law, due in whole or in part to the plaintiff's ethnicity and/or religious beliefs, without provocation or legal justification.

27.     The aforesaid beating constitutes a gratuitous, unjustified and excessive use of force and punishment.

28.     Several times during the aforesaid beating, CO Hahl, CO West, and/or COs Doe made derogatory and anti-Semitic statements to Plaintiff, specifically referencing the fact that the

plaintiff wears a yarmulke.

29.     On a date presently unknown to Plaintiff, CO Hahl, CO West, COs Doe, Captains Doe, and/or other DOC supervisors, officers and/or staff drafted, executed, filed and/or approved incident, disciplinary and/or infraction reports regarding the aforesaid beating, which were known at that time to be factually incorrect and/or purposely misleading.

30.     On a date presently unknown to Plaintiff, CO Hahl, CO West, COs Doe, Captains Doe, and/or other DOC supervisors, officers and/or staff drafted, executed, filed and/or approved Use of Force report(s) regarding the aforesaid beating, which were known at that time to be factually incorrect and/or purposely misleading.

31.     As a result of the aforesaid beating, Plaintiff suffered severe internal injuries, visible abrasions, and contusions associated with punches and kicks to the face and body, as well as psychological and emotional injuries.

32.     During and immediately following the aforesaid beating, Plaintiff asked CO Hahl, CO West, and COs Doe for medical attention. Said officer(s) purposely ignored and/or denied Plaintiff's request.

33.     Following the aforesaid beating, Plaintiff reported the beating to DOC supervisors, including but not limited to Captains Doe, and requested medical attention. Said persons denied Plaintiff's request.

34.     For approximately one (1) month following the subject beating, Plaintiff requested "sick call" on a near-daily basis. CO Hahl, CO West, COs Doe, Captains Doe, and other DOC supervisors, officers and/or staff continued to deny Plaintiff access to medical care and treatment for said period of time. Plaintiff did not receive any medical or mental health treatment for the injuries he sustained during the subject beating for approximately one (1)

month immediately following the beating, though he repeatedly requested same.

35.     Approximately one (1) month after the subject beating, Plaintiff was finally referred for x-rays by DOHMH, CHS, PHS, and/or PHSMS staff. Plaintiff was not examined by a physician. Plaintiff was not permitted access to treatment for his psychological or emotional injuries resultant from the subject beating until a date thereafter.

36.     For the next month Plaintiff continued to request "sick call", but said requests were denied by Defendants.

37.     Approximately one (1) month later, Plaintiff received a cursory and perfunctory physical examination by Drs. Doe and was issued a painkiller.

38.     The plaintiff's physical injuries were of a serious and important nature; however, each of the defendants delayed and/or failed to authorize, make arrangements for, or provide timely and adequate medical care or treatment to Plaintiff.

39.     Plaintiff's medical condition was of such gravity that it can be considered a serious medical condition. Defendants, by ignoring his requests for treatment, acted with deliberate indifference.

40.     As a result of the defendants' deliberate indifference, Plaintiff experienced prolonged and significantly increased pain as well as degeneration and deterioration of his physical condition and general well-being.

41.     Plaintiff's aforesaid injuries significantly affected his daily activities, including but not limited to his ability to urinate, move his bowels, ambulate, and protect himself from the attendant harms associated with being in jail.

42.     Plaintiff's initial injury and resulting pain were caused by the beating he suffered from CO Hahl, CO West, and COs Doe. The failure of all defendants to provide due and timely

medical care and treatment to the plaintiff following the initial onset of the injury unnecessarily caused further and substantial harm to the plaintiff, including but not limited to increased and prolonged pain, degeneration and deterioration of his injuries, and psychological and emotional injuries.

43.     The supervisory staff within the DOC and the command structure of the DOC knew and/or knows that the pattern of physical abuse and denial of medical care, as described above, existed and still exists in the City's jails.  Their failure to take measures to curb this pattern of brutality constitutes an acquiescence in the known unlawful behavior of their subordinates.  The prevalence of these practices and general knowledge of their existence, and the failure of these defendants to take remedial action despite the fact that the misuse of force in City jails has been persistently brought to their attention, constitutes deliberate indifference to the rights and safety of the prisoners in their care and custody, including the Plaintiff herein.  These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this Complaint.

44.     DOC operates under a system-wide use of force policy.  With some exceptions for those facilities operating under court order, DOC trains all of its staff at a single Training Academy according to a uniform curriculum; maintains a centralized Investigation Division to investigate use of force under uniform procedures; and maintains a centralized unit to conduct administrative prosecutions (or to decline to prosecute, or to plea-bargain) in those few instances where the DOC concludes excessive force has been used.

45.     The supervisory staff of DOC-operated jails have consistently failed to investigate use of force incidents and to discipline officers who have violated DOC guidelines.   The investigation of use of force incidents in DOC jails by central office and/or supervisory staff

reflects a bias in favor of uniformed staff. Furthermore, officers and staff who are known to have used excessive force in one command are often transferred by DOC to another command rather than be disciplined, demoted or fired by DOC.

46.     The pattern of misconduct by correction officers assigned to DOC-operated jails has been condoned by ranking commanders and supervisors in the DOC, who have been or are aware of the number, frequency, and severity of use of force incidents in DOC-operated jails and of the continuing risk to prisoners of physical injury at the hands of uniformed officers. Supervisors receive and/or received a daily compilation of reports from DOC commands documenting violent incidents, including staff use of force. These reports, which are circulated throughout the DOC, contain brief summaries of use of force incidents. These summaries have documented, and continue to document, the routine application of injurious force to prisoners by staff members under circumstances which very often suggest that the staff accounts are fabricated to cover up brutality and other misconduct. These use of force reports routinely document the infliction of serious injuries on prisoners by guards, and consistently find no basis to question correctional staff's conduct, even when staff reports describe use of force which is proscribed by Department written policy or fail to account for the inmate's injuries.

47.     With rare exception, uniformed staff whose misconduct is brought to the attention of supervisory personnel continue to work with inmates in DOC-operated jails without any substantial disciplinary action being taken against them. Many of these staff members are simply transferred from one jail to another, where their misconduct continues. Although DOC has a computerized system capable of identifying officers involved in multiple use of force incidents, this information has not been utilized by DOC commanders or supervisors to reduce the severity or incidence of excessive or unnecessary use of force in the jails. The fact that

physical abuse by officers remains unchecked and unrestrained leads the staff to believe that prisoners may be beaten with impunity.

48.     Similarly, DOC and DOHMH officials and supervisory staff have consistently failed to investigate prisoner grievances and complaints of medical inattention, pervasive delays, neglect, misdiagnoses, lack of availability of and/or access to medical care and treatment, violations of DOC guidelines and/or Board of Correction Minimum Standards, as well as other misconduct; and have failed to discipline the subjects of those grievances and complaints which were substantiated.

## CONDITIONS PRECEDENT

49.     That on or about January 3, 2011, Plaintiff caused a Notice of Claim to be duly filed with the City of New York setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff.

50.     That more than thirty (30) days have elapsed since said date and the City of New York has neglected and refused to make an adjustment thereof.

51.     That the City of New York did not conduct a hearing pursuant to Section 50-h of the General Municipal Law and, as such, same is deemed waived.

52.     This action is commenced, including all applicable tolls, within the applicable statutes of limitations.

53.     This action falls within one or more of the exceptions set forth in CPLR §1602.

## FIRST CLAIM FOR RELIEF:
### 42 U.S.C. §1983 CLAIMS AGAINST THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTION, CORRECTION OFFICER "JOHN" HAHL, CORRECTION OFFICER "JOHN" WEST, CORRECTION OFFICERS JOHN DOES 1-5, AND CAPTAINS JOHN DOE 6-10

54.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs

"1" through ""53", inclusive, of this Complaint, as if same were fully set forth herein at length.

55.     As set forth above, CO Hahl, CO West, and COs Doe, acting under the color of law, did assault and batter Plaintiff without legal cause or justification and with purposeful intent to cause serious physical harm to Plaintiff.

56.     As set forth above, CO Hahl, CO West, and COs Doe's beating of Plaintiff was motivated by, *inter alia*, ethnic and religious animus.

57.     As set forth above, CO Hahl, CO West, COs Doe and Captains Doe were within the vicinity of the plaintiff at the time of the subject beating and failed to take any action to intercede, mitigate and/or halt same.

58.     CO Hahl, CO West, COs Doe and Captains Doe 10 failed to protect the plaintiff by ignoring, acquiescing, joining and/or being complicit in the subject beating.

59.     CO Hahl, CO West, COs Doe and Captains John Doe 6-10 failed to make medical care and treatment available to the plaintiff after the subject beating.

60.     As set forth above, CO Hahl, CO West, COs Doe and Captains Doe failed to notify City or federal authorities as to what they had seen and/or heard.

61.     As set forth above, the City, DOC and/or their supervisory personnel failed to take appropriate action to investigate and report the subject beating.

62.     As set forth above, the subject beating, as well as said defendants' ignoring, acquiescence, joining and/or complicity in same, constituted an unnecessary, unreasonable, and excessive use of force.

63.     Said defendants acted with deliberate indifference to the plaintiff's safety, security, health and immediate medical needs.

64.     As a direct and proximate result of said defendants' deliberate indifference, the

plaintiff's resulting physical, psychological and emotional injuries, pain and suffering were caused and/or significantly exacerbated.

65.     As set forth above, said defendants made no effort to stop the subject beating, and have made every effort to conceal the truth about what actually occurred, including but not limited to covering up, or attempting to cover up, the illegal conduct of their fellow officers or subordinates.

66.     The aforesaid acts and omissions violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, and emotional injuries he suffered.

67.     The actions of the defendant correction officers and their supervisors were malicious.

68.     As set forth above, the City and DOC have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of abuse and other misconduct against prisoners, to the detriment of the plaintiff.

69.     The City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

70.     The City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, by reasonable diligence, could have mitigated the plaintiff's injuries had they intervened in the aforesaid beating and/or protected Plaintiff.

71.     The City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers violated Plaintiff's constitutional rights by:

a. Unlawfully causing and/or allowing the beating to occur;

b. Using unreasonable and excessive physical force on the plaintiff;

c. Using unreasonable and excessive physical force on the plaintiff due to his ethnicity and/or religion;

d. Failing to intercede on behalf of the plaintiff to prevent the excessive use of physical force on Plaintiff, despite having an opportunity to do so, but due to their deliberate indifference declined or refused to do so;

e. Failing to provide timely and due medical care and treatment to Plaintiff;

f. Depriving the plaintiff access to and redress from the courts;

g. Denying the plaintiff the equal protection of the laws;

h. Engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff;

i. By subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law.

72.     That as a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and statutes of the United States of America, and has been damaged thereby.

73.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF:
### 42 U.S.C. §§1985 AND 1986 CLAIMS AGAINST THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTION, CORRECTION OFFICER "JOHN" HAHL, CORRECTION OFFICER "JOHN" WEST, CORRECTION OFFICERS JOHN DOES 1-5, AND CAPTAINS JOHN DOE 6-10

74.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "73", inclusive, of this Complaint, as if same were fully set forth herein at length.

75.     Defendants, City and DOC, their employees, agents and/or servants, including but not limited to the defendant correction officers, acting under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: to be free from cruel and unusual punishment; to be free from the use of unreasonable and/or excessive force; to be free from false arrest and false imprisonment; to be free from unreasonable delay and/or denial of medical attention; to equal protection of the law; to equal privileges and immunities under the law; to associate and speak freely; and to have access to and seek redress in the courts.

76.     It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be assaulted and battered.

77.     It was part of said conspiracy that said defendants did deny and/or delay due and necessary medical care and treatment to the plaintiff.

78.     It was part of said conspiracy that said defendants did fail to protect the plaintiff from known harms while he was in their custody.

79.     In furtherance of the conspiracy and in order to cover up their unlawful conduct, Defendants engaged in the following:

        a.  Fabricating and contriving disciplinary infractions and incident reports;

b. Failing to make medical treatment timely available to Plaintiff;

c. Although they were aware of the Incident and were required to report it, deliberately suppressing the truth;

d. Submitting false reports, statements, and testimony to support and corroborate the fabricated allegations lodged against the plaintiff, for their own benefit.

80.     The conspiracy to cover up said defendants' conduct, including but not limited to sanctioning, causing and/or permitting Plaintiff to be assaulted and battered while in their custody spread amongst the defendant correction officers as well as to other officers and supervisors.

81.     Under the oath of office and the written rules, regulations and procedures promulgated by the City and DOC, correction officers and command personnel have an affirmative duty to intercede and prevent crimes and other misconduct committed by correction officers and to report such conduct whenever they become aware of it.

82.     As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights and privileges afforded by the Constitution and statutes of the United States of America.

83.     Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

84.     With due diligence, said defendants could have promptly reported the brutality to superiors and to duly authorized investigators. Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering.

85.     Had said defendants complied with the law and furnished truthful information to

authorities investigating the Incident, their conduct and/or Plaintiff's conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

86.     As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries.

**THIRD CLAIM FOR RELIEF:**
**EIGHTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST**
**THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF**
**CORRECTION, CORRECTION OFFICER "JOHN" HAHL, CORRECTION OFFICER**
**"JOHN" WEST, CORRECTION OFFICERS JOHN DOES 1-5,**
**AND CAPTAINS JOHN DOE 6-10**

87.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "86", inclusive, of this Complaint, as if same were fully set forth herein at length.

88.     As set forth above, Defendants City and DOC, their agents, servants and employees, including but not limited to the defendant correction officers, were aware of and/or personally participated in the deprivation of Plaintiff's constitutional rights and, with deliberate indifference to said rights, failed to take action to prevent further misconduct.

89.     As set forth above, said defendants' unlawful and excessive use of physical force violated Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

90.     As set forth above, said defendants failed to provide and/or delayed necessary, due and reasonable medical care and treatment to Plaintiff following the Incident.

91.     As set forth above, said defendants were deliberately indifferent to Plaintiff's serious medical needs following the Incident.

92.     The aforesaid acts of the City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, were sufficiently serious to

constitute violations of Plaintiff's rights under the Eight and Fourteenth Amendment to the United States Constitution, and directly and proximately damaged the plaintiff.

93.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## FOURTH CLAIM FOR RELIEF:
## 42 U.S.C. §1983 CLAIMS AGAINST
## THE CITY OF NEW YORK, THE CITY OF NEW YORK
## DEPARTMENT OF CORRECTION, NEW YORK CITY DEPARTMENT
## OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY CORRECTIONAL
## HEALTH SERVICES, PRISON HEALTH SERVICES, INC.,
## PHS MEDICAL SERVICES, P.C., and JOHN DOES 11-15

94.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "93", inclusive, of this Complaint, as if same were fully set forth herein at length.

95.     By the aforesaid conduct and while acting under the color of law, Defendants, the City, DOC, DOHMH, CHS, PHS, PHSMS and Drs. Does, acted with malicious or at least deliberate indifference in failing to secure the medical attention required for Plaintiff's serious injuries, in a manner that deprived the plaintiff of his constitutional rights and perpetuated and exacerbated his physical, psychological and emotional pain and suffering.

96.     By delaying and/or failing to act, said defendants knowingly disregarded an excessive risk to Plaintiff's health and safety.

97.     Any reasonable doctor would perceive the plaintiff's medical needs to be important and worthy of treatment.

98.     Said defendants, individually and collectively, denied and/or delayed Plaintiff's access to necessary medical personnel, treatment and qualified medical practitioners (i.e., failed to timely refer Plaintiff to a specialist and/or physical therapist despite continued complaints of

unresolved and worsening pain); failed to inquire into facts necessary to make a professional judgment (i.e. grossly perfunctory examinations of Plaintiff and his pain, and failure to inquire into delay and/or refusal to approve visit to specialist and/or therapist); failed to carry out medical orders; permitted non-medical factors to interfere with their medical judgment (i.e., cost and inconvenience of visit(s) to specialist(s) and therapist(s); security concerns; belief that Plaintiff would be transferred out of their custody shortly; understaffing; and systemic deficiencies in staffing, facilities, or procedures resulting Plaintiff's unnecessary suffering); failed to take steps to prevent the plaintiff's condition from degenerating; exercised such bad judgment that an easier and less efficacious treatment was consciously chosen by Defendants, the City, DOC, DOHMH, CHS, PHS, PHSMS and Drs. Does (i.e., prescribing medications for Plaintiff's pain rather than resolving the cause of the pain); and their conduct was so grossly incompetent, inadequate, and excessive as to shock the conscience, and was so intolerable to fundamental fairness.

99.     By their refusal to provide plaintiff with access to prompt medical attention after he was beaten and injured, said defendants violated Plaintiff's rights under the Eight and Fourteenth Amendment to the United States Constitution. These defendant's conduct manifested deliberate indifference to plaintiff's constitutional rights.

100.     As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

### FIFTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

101.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs

"1" through "100", inclusive, of this Complaint, as if same were fully set forth herein at length.

102.    The defendant correction officers, medical personnel and staff, collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City, DOC, DOHMH, CHS, PHS, and/or PHSMS which is forbidden by the Constitution of the United States.

103.    That prior to September 2, 2009, the City, DOC, DOHMH, CHS, PHS, and PHSMS developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of those detained in DOC custody, which caused the violations of the plaintiff's rights.

104.    That the aforementioned customs, policies, usages, practices, procedures and rules of the City and DOC included, but were not limited to: (a) ignoring the constitutional rights of persons in their custody and control; (b) depriving persons in their custody and control their constitutional rights; (c) using force in an unreasonable, unnecessary, unjustified and excessive manner; (d) failing to adequately instruct and supervise the correction officers under said defendants' control in the proper and appropriate care and treatment of detainees and prisoners in their custody and control, including but not limited to the use of force; (e) inadequately and/or improperly investigating grievances and complaints of misconduct, use of force and abuse by correction officers, and inadequately punishing the subjects of those complaints which were substantiated; (f) tolerating acts of brutality; g) the Internal Affairs Bureau and Inspector General having substantially failed in their responsibilities to investigate misconduct and discipline offenders; (h) having polices that operate to insulate correction officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; and (i) allowing correction officers and supervisors to

engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and DOC.

105.    The aforementioned customs, policies, usages, practices, procedures and rules of the City, DOC, DOHMH, CHS, PHS, and PHSMS included, but were not limited to: (a) ignoring the constitutional rights of persons in their custody and control; (b) depriving persons in their custody and control their constitutional rights; (c) failing to adequately instruct and supervise the physicians, therapists, nurses and medical staff under said defendants' control in the proper and appropriate care and treatment of detainees and prisoners under their medical care; (d) inadequately and/or improperly investigating detainee and prisoner grievances and complaints of inattention, neglect, misdiagnoses and misconduct, and inadequately punishing the subjects of those grievances and complaints which were substantiated; (e) in tolerating inattention, neglect, misdiagnoses and misconduct by the physicians, therapists, nurses and medical staff under said defendants' control; (f) having policies that operate to insulate said defendants' physicians, therapists, nurses and medical staff who engage in serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; (g) allowing said defendants' physicians, therapists, nurses, medical staff and supervisors to engage in a pattern and practice of actively and passively covering up malpractice, neglect, negligence and/or other misconduct by fellow physicians, therapists, nurses, medical staff and supervisors, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City, DOC, DOHMH, CHS, PHS, and PHSMS; and (h) failing to investigate and follow up on prisoner claims of coerced and/or unsigned refusals of treatment and/or denials of "sick call", consultations or scheduled appointments, thereby

establishing and perpetuating a policy, custom or practice of denying and/or delaying reasonable and due medical care and treatment.

106.   The long-standing failure or refusal to supervise the correction officers and medical personnel under said defendants' control, including supervisory staff, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuse alleged herein.   It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

107.   Said defendants' policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of misconduct over a period of years by command personnel, supervisors, and the correction officers and medical personnel they supervise.

108.   The failures and refusals by the City, DOC, DOHMH, CHS, PHS, and PHSMS to hold these supervisors, correction officers and medical personnel accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons in DOC custody.

109.   Through promotions and other financial and status incentives, the City, DOC, DOHMH, CHS, PHS, and PHSMS have the power to reward supervisors, correction officers and medical personnel who perform their jobs adequately and to punish – or at the very least fail to reward – those who do not.   The City, DOC, DOHMH, CHS, PHS, and PHSMS's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer brutality, medical neglect, or other misconduct, and fails to investigate incidents in which detainees and prisoners are injured by correction officers and medical personnel, will suffer no damage to his or her career or financial

penalty.

110.    The pattern of unchecked abuse by correction officers, medical personnel and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the City, DOC, DOHMH, CHS, PHS, and PHSMS to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against detainees and prisoners in general and the plaintiff in particular.

111.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC, DOHMH, CHS, PHS, and PHSMS constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

112.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC, DOHMH, CHS, PHS, and PHSMS were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

113.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC, DOHMH, CHS, PHS, and PHSMS were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

114.    Prior to and at the time of the assault upon the plaintiff, there existed a pattern and practice of physical abuse and denial/delay of medical care to prisoners by uniformed staff and/or medical personnel.  The pattern of unrestrained physical abuse and denial/delay of medical care by uniformed staff and medical personnel; the failure to conduct unbiased and thorough investigations of same and to discipline staff meaningfully and promptly for misconduct; and the long-standing failure or refusal to supervise uniformed staff and medical personnel, including supervisory staff, are now so institutionalized as to constitute a policy or

custom of tolerating and authorizing physical abuse of prisoners. It is this policy or custom of abuse and cover-up that has caused the deprivation of Plaintiff's constitutional rights.

115.    The City, DOC, DOHMH, CHS, PHS, and PHSMS have failed or refused to hold accountable high-ranking supervisors (i.e., captains, medical directors, assistant deputy wardens, deputy wardens, and wardens) in the face of frequent and significant misconduct, over a period of years, by these supervisors and by the officers and medical personnel they supervise. This failure has subjected Plaintiff and other prisoners to a pervasive risk of serious injury at the hands of correctional staff. This failure is a proximate cause of the injuries sustained by the plaintiff and by other inmates injured in DOC-operated jails.

116.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

### SIXTH CLAIM FOR RELIEF:
### FAILURE TO PROTECT AND NEGLECT

117.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "116" inclusive, of this Complaint, as if same were fully set forth herein at length.

118.    All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

119.    As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms.

120.    As set forth above, CO Hahl, CO West, COs Doe and Captains Doe failed to intervene, mitigate and/or stop the beating at any time during the happening of the beating.

121.    As set forth above, Drs. Doe failed to provide timely and adequate medical care

and treatment to Plaintiff following the subject beating.

122.   As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

123.   All defendants failed to report the abusive conduct of the defendant correction officers to supervisors.

124.   The City, DOC, DOHMH, CHS, PHS and PHSMS, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant correction officers and/or medical personnel for their aforesaid unlawful conduct.

125.   That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

126.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### ASSAULT, BATTERY AND CONSPIRACY

127.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "126", inclusive, of this Complaint, as if same were fully set forth herein at length.

128.   As set forth above, Plaintiff was assaulted and battered by Defendants, CO Hahl, CO West and COs Doe.

129.   As set forth above, the defendant correction officers conspired with one another assault and batter the plaintiff.

130.   As set forth above, the defendant correction officers conspired with one another,

as well as Captains Doe and Drs. Doe, to cover up their assault and battery of the plaintiff.

131.    This use of physical force was excessive, unnecessary, unprovoked and in violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

132.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

133.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## VIOLATION OF NEW YORK CONSTITUTION AND STATUTES

134.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "133", inclusive, of this Complaint, as if same were fully set forth herein at length.

135.    By reason of the allegations contained herein, Plaintiff was deprived by defendants of his right to be free from gratuitous and excessive force and punishment, and to due process of law, as guaranteed to him by the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.  These defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights.

136.    The malicious and sadistic use of excessive force by CO Hahl, CO West and COs Doe caused Plaintiff to be deprived of his rights under the laws of the State of New York to be free from assault and battery, for which these defendants, as well as the City is liable.

137.    The use of excessive force by CO Hahl, CO West and COs Doe, and the failure of Captains Doe, and the City and DOC to take appropriate steps to curb the widespread pattern of brutality in DOC-operated jails violated plaintiff's rights under the New York State Constitution

Article 1, Section 6, to due process of law, and under Correction Law §§500-k and 137(5), to be free from degrading treatment and physical abuse.

138.    By their refusal to provide prompt medical attention to plaintiff after he was beaten and injured, all defendants violated Plaintiff's rights under the Board of Correction's New York City Correctional Health Care Minimum Standards, and under Correction Law §§ 500-k and 137(5).

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTION, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, NEW YORK CITY CORRECTIONAL HEALTH SERVICES, PRISON HEALTH SERVICES, AND PHS MEDICAL SERVICES

139.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "138", inclusive, of this Complaint, as if same were fully set forth herein at length.

140.    The City, DOC, DOHMH, CHS, PHS and PHSMS were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to CO Hahl, CO West, COs Doe, Captains Doe, and Drs. Doe, in that said employees lacked the experience and ability to be employed by the City, DOC, DOHMH, CHS, PHS and PHSMS; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring the defendant-employees who lacked the mental capacity and ability to function as employees of said defendants; in that the defendant-employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of ability, experience and maturity of the defendant-employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate

the defendant-employee(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

141. The failure of Defendants City, DOC, DOHMH, CHS, PHS and PHSMS to adequately train their agents, servants and employees, including but not limited to CO Hahl, CO West, COs Doe, Captains Doe and Drs. Does, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the rules regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of those prisoners in their custody and control, including the plaintiff herein, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

142. Defendants City, DOC, DOHMH, CHS, PHS and PHSMS knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to CO Hahl, CO West, COs Doe, Captains Doe, and Drs. Does, to engage in the wrongful conduct heretofore alleged in this Complaint.

143. Defendants City, DOC, DOHMH, CHS, PHS and PHSMS knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to CO Hahl, CO West, COs Doe, Captains Doe, and Drs. Doe, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

144. That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

145. The aforesaid acts of Defendants City and DOC, their agents, servants and employees, resulted in the plaintiff being assaulted and his civil rights being violated while in

their custody and control.

146. The aforesaid acts of Defendants City, DOC, DOHMH, CHS, PHS and PHSMS OC, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

147. The aforesaid acts of Defendants City, DOC, DOHMH, CHS, PHS and PHSMS resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLECT AND FAILURE TO PROVIDE MEDICAL TREATMENT

148. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "147", inclusive, of this Complaint, as if same were fully set forth herein at length.

149. Defendants, their agents, servants and/or employees, were required to make available and/or provide medical care and treatment to the plaintiff while he was in their custody and control.

150. The defendants knew or should have known the extent of the injuries Plaintiff sustained during the subject beating and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

151. The defendants knew or should have known that their neglect, denial and/or delay of medical care and treatment to the plaintiff created an unreasonable risk of bodily injury.

152. The defendants' neglect, denial and/or delay of medical care and treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

153.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "152", inclusive, of this Complaint, as if same were fully set forth herein at length.

154.   The aforesaid acts of the defendants, their agents, servants and employees, acting individually and/or in conjunction with the other defendants, were intentional, malicious, excessive and served no reasonable or legitimate penological interest.

155.   The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff's physical safety.

156.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENCE

157.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "156", inclusive, of this Complaint, as if same were fully set forth herein at length.

158.   As set forth above, Defendants, their agents, servants and employees, were negligent and the proximate cause of injuries and damages suffered by the Plaintiff.

159.   As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## *RESPONDEAT SUPERIOR*

160.   Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs

"1" through "159", inclusive, of this Complaint, as if same were fully set forth herein at length.

161.     Inasmuch as the aforesaid agents, servants and employees of the City, DOC, DOHMH, CHS, PHS and PHSMS, were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, the City, DOC, DOHMH, CHS, PHS and PHSMS are liable under the doctrine of *respondeat superior* for the tortious actions of same, including but not limited to CO Hahl, CO West, COs Doe, Captains Doe and Drs. Doe.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FAILURE TO PROTECT

162.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "161" inclusive, of this Complaint, as if same were fully set forth herein at length.

163.     All defendants, their agents, servants and employees, owed a duty to care and protect Plaintiff while he was in their custody, control and care.

164.     As set forth above, all defendants failed to protect Plaintiff from known and dangerous harms.

165.     As set forth above, CO Hahl, CO West, COs Doe and Captains Doe failed to intervene, mitigate and/or stop the beating at any time during the happening of the beating.

166.     As set forth above, Drs. Doe failed to provide timely and adequate medical care and treatment to Plaintiff following the subject beating.

167.     As set forth above, all defendants knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

168.     All defendants failed to report the abusive conduct of the defendant correction officers to supervisors.

169.     The City, DOC, DOHMH, CHS, PHS and PHSMS, their agents, servants and

employees, failed to investigate, sanction and/or discipline any of the defendant correction officers and/or medical personnel for their aforesaid unlawful conduct.

170.    That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

## EIGHTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW PRIMA FACIE TORT

171.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "170" inclusive, of this Complaint, as if same were fully set forth herein at length.

172.    The aforesaid conduct of the defendants, their agents, servants and employees, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

173.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

### JURY DEMAND

174.    Plaintiff hereby demands a trial by jury of all issues in this matter.

### RELIEF

**WHEREFORE**, the plaintiff requests the following relief jointly and severally as against all of the defendants:

1.    An award of compensatory damages in an amount to be determined at trial;

2.    An award of punitive damages in an amount to be determined at trial;

3.    An award of attorney's fees, costs and disbursements; and

4.    Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
      December 7, 2011

                         Respectfully submitted,

                         **LAZAROWITZ & MANGANILLO, L.L.P.**

                         By:

                             Philip M. Hines, Esq. (PH5954)
                         *Attorneys for Plaintiff*
                         Office and P.O. Address
                         2004 Ralph Avenue
                         Brooklyn, New York 11234
                         (718) 531-9700

## VERIFICATION

**STATE OF NEW YORK**  )
  )  ss:
**COUNTY OF KINGS**  )

    **BRETT ADLER,** being duly sworn deposes and says:

    That deponent is the plaintiff in the within action; that deponent has read the foregoing

**VERIFIED COMPLAINT** and knows the contents thereof, that same is true to deponent's own

knowledge, except as to the matters therein stated to be alleged upon information and belief, and

that as to those matters deponent believes to be true.

                                                  **BRETT ADLER**

Sworn before me this 7th
day of December, 2011

**NOTARY PUBLIC**

PHILIP HINES
Notary Public, State of New York
No. 02HI6125718
Qualified in KINGS County
Commission Expires April 25, 20 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

BRETT ADLER,

                                  Plaintiff,

      -against-

THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT
OF CORRECTION, NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, NEW YORK CITY
CORRECTIONAL HEALTH SERVICES, PRISON HEALTH
SERVICES, INC., PHS MEDICAL SERVICES, P.C., CORRECTION
OFFICER "JOHN" HAHL, Individually and in his Official Capacity,
CORRECTION OFFICER "JOHN" WEST, Individually and in his
Official Capacity, CORRECTION OFFICERS JOHN DOE 1-5,
Individually and in their Official Capacities, fictitious name used to
designate unknown individuals herein, CAPTAINS JOHN DOE 6-10,
Individually and in their Official Capacities, fictitious name used to
designate unknown individual herein, and JOHN DOE 11-15,
Individually and in their Official Capacities, fictitious name used to
designate unknown medical personnel and staff herein,

                                  Defendants.

-----------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

### LAZAROWITZ & MANGANILLO, L.L.P.
**Attorneys for Plaintiff(s)**
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

                               Signature (Rule 130-1.1-a)

                               PHILIP M. HINES, ESQ.

                               **Dated: December 7, 2011**